UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS GOMEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-749 |
| § | |
| ANTHONY SCHOLWINSKI; dba ARS § | |
| CABINETRY & MORE, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaims. Doc. 7. Having considered the motion, response, the facts in the record, and the applicable law, the Court concludes Defendant's Motion to Dismiss (Doc. 7) should be granted.

**I.   Background**

This is a Fair Labor Standards Act (FLSA) overtime case. Plaintiffs allege they worked for Defendant as employees and were not paid overtime. Doc. 1 ¶ 4. Defendant alleges Plaintiffs were not his employees but independent contractors employed by their own firm, Four G Remodeling. Doc. 5 ¶ 4. In response to Plaintiffs' FLSA claim, Defendant asserts counterclaims for tortious interference and business disparagement. Doc. 5 at ¶¶ 7–18. In particular, Defendant alleges Plaintiffs made false statements about the quality of Defendant's work to "Mr. Kang of Lovett and In-town Homes" and, upon information and belief, to other residential home builders. *Id.*

**II.   Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

**III.    Discussion**

Plaintiffs seek dismissal of Defendant's counterclaims, because they are permissive and lack an independent basis for federal jurisdiction. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The Fifth Circuit applies the logical relation test, a "loose standard," to compulsory counterclaims. *Plant v. Blazer Fin. Services, Inc. of Georgia*, 598 F.2d 1357, 1361 (5th Cir. 1979). A logical relation exists where "the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.*

Plaintiffs argue there is no logical relation between their FLSA overtime claim and Defendant's tortious interference counterclaims. In response, Defendant cites one case in which a judge from the Southern District of Florida found a FLSA overtime claim was logically related to a tortious interference claim. *Zambrana v. Geminis Envios Corp.*, 08-20546-CIV-MOORE, 2008 WL 2397624, at *1 (S.D. Fla. June 10, 2008). The judge reasoned:

> In order to determine whether Plaintiff is entitled to recover overtime wages and to calculate the total value of Plaintiff's overtime wage claim, it will be necessary to establish the number of hours that Plaintiff worked for Defendants. The basis of Defendants' tortious interference counterclaim (Count I) is that, during the time that Plaintiff was supposed to be-and appeared to be-working for Defendants, he was actually stealing their customers for his own benefit (DE # 8). Therefore, the question of whether Plaintiff was genuinely working for Defendants on the one hand or whether he gave the impression of working for Defendants while he accessed Defendants' customer lists to steal their customers is central to both Plaintiff's FLSA claim and Defendants' tortious interference counterclaim.

*Id.* at *3. Here, Defendant does not allege Plaintiffs were not actually working for them during the alleged overtime hours but were surreptitiously engaging in tortious interference during that time. There is no logical relation between Plaintiffs' alleged call to Mr. Kang and the amount of hours they worked for Defendant. Defendant suggests the following logical relation: first, "[o]ne factor to consider" in resolving the overtime claim is whether Plaintiffs "did in fact own and operate their own company"; second, "the crux of [Defendant's] counterclaims is that [Plaintiffs] attempted to interfere with [Defendant's] business relationships in order to get business contracts for their own company." Doc. 8 ¶ 8. The question whether Plaintiffs owned their own company does not encompass the aggregate core of facts underlying either the FLSA claim or the tortious interference counterclaim. Even under the loose standard adopted by the Fifth Circuit, there is no logical relation between Plaintiffs' FLSA claim and Defendant's tortious interference and business disparagement counterclaims.

### IV.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion to Dismiss (Doc. 7) is **GRANTED**.

SIGNED at Houston, Texas, this 13th day of March, 2015.

                                            MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE